IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHAWNETTA T. GRAHAM,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No. 10 C 7191
                                    )
STATE OF ILLINOIS DEPARTMENT        )
OF JUVENILE JUSTICE, et al.,        )
                                    )
            Defendants.             )

MEMORANDUM ORDER

Shawnetta Graham ("Graham") appears to believe that because she is proceeding in this lawsuit without a lawyer, she is entitled to ignore the rules applicable to all federal court litigants. It is true that more leeway is afforded pro se litigants because they cannot be expected to have full awareness of the technicalities of legal substance and procedure, but that does not extend to permission to proceed without regard to fundamental principles.

In this instance this Court's November 12, 2010 minute order (Dkt. 8, issued immediately after Graham filed suit) specifically dismissed out Graham's named individual defendants, leaving only the State of Illinois Department of Juvenile Justice as Graham's target.[1] Less than a week later another minute order called Graham's attention to the provisions of Fed.R.Civ.P. ("Rule")

---

[1] Naming individuals solely "in their official job capacity," as Graham has done, adds nothing when their official employer has been named as well.

8(a) in the course of striking the numerous exhibits she had sought to attach to her self-prepared Complaint.

Now Graham has just tendered her First Amended Complaint, which is again totally heedless of the express directive in Rule 8(a)(2)(emphasis added):

> A pleading that states a claim for relief must contain:
>
> * * *
>
> (2) A <u>short</u> and <u>plain</u> <u>statement</u> of the claims that the pleader is entitled to relief....

Instead Graham has provided a turgid 26-page narrative chock-full of evidentiary detail -- and astonishingly, even though her claims of unlawful discrimination are framed in terms of the American With Disabilities Act, not a word in the Complaint or in her EEOC Charges of Discrimination identifies the nature of her claimed disability or the respects in which her employer failed to accommodate such disability in refusing Graham's desires to set her own rules for the conduct of her job.[2]

In sum, Graham's First Amended Complaint is stricken. Leave is granted for her to try once again on or before February 15,

---

[2] What has just been said in the text does not purport to identify all of the deficiencies in Graham's pleading, but is rather intended to focus her attention on its most obvious shortcoming. If she is able to frame a more plausible complaint hereafter, this Court will most likely leave it to defense counsel to speak to any remaining deficiencies.

2011, failing which this action will be dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Dated: February 1, 2011