IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

SHAWNETTA T. GRAHAM,                )
                                    )
                 Plaintiff,         )
                                    )
           v.                       )    No. 10 C 7191
                                    )
STATE OF ILLINOIS DEPARTMENT        )
OF JUVENILE JUSTICE, et al.,        )
                                    )
                 Defendants.        )

                       MEMORANDUM ORDER

Pro se plaintiff Shawnetta Graham ("Graham") has just weighed in with still another overblown submission, this time in conjunction with a simple request for a 30-day extension of the time--to April 4, 2011--within which she may file a Second Amended Complaint. This Court of course has no problem with that request, which is granted with alacrity,[1] but it will not accede to Graham's apparent compulsion to use every occasion to recount a good part of (1) the history of her life with her employer--the targeted defendant Illinois Department of Juvenile Justice ("Department")--and (2) her efforts to compare her earlier filings with other filings of cases in this District Court.

If Graham would devote her time to putting together a straightforward complaint instead of conducting the "research"

---

[1] Although the reference works here in chambers do not include this among the familiar quotations attributable to Thomas Jefferson, this Court recalls the story that somewhere in Jefferson's voluminous correspondence there is a letter in which he apologized for the length of that letter, saying that if he had had more time he would have written a shorter one.

into, and attempted comparison with, other filings that she describes in her current submission, this lawsuit would not continue to get hung up at the pleading stage as it has. What the rocky history of this litigation during its short life has made abundantly clear is that Graham, as well as the Department and this Court, would be better off if she were represented by counsel rather than attempting to handle this litigation on her own.

This Court is of course aware that Graham paid the $350 filing fee, so that she was not called on to execute any in forma pauperis request--but the application for that status may also be used to ask for the appointment of a member of this District Court's trial bar to provide a party with representation pro bono publico. Because that possibility requires appropriate factual input, copies of the forms of In Forma Pauperis Application and Motion for Appointment of Counsel are being transmitted to Graham with a copy of this memorandum order, and she is directed to complete those forms and transmit them to the Clerk's Office promptly.

Under the circumstances the previously-set March 11 status hearing will be held unless a further order is entered cancelling it. It is expected that the filled-in forms will be returned by Graham in ample time for their consideration at that status hearing (unless, of course, her factual showing clearly

establishes a lack of entitlement to the appointment of counsel).

```
                         _____
                         Milton I. Shadur
                         Senior United States District Judge
```

Date: February 25, 2011