```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

SHAWNETTA T. GRAHAM,            )
                                )
            Plaintiff,           )
                                )
      v.                         )     No. 10 C 7191
                                )
STATE OF ILLINOIS DEPARTMENT     )
OF JUVENILE JUSTICE, et al.,     )
                                )
            Defendants.          )

<u>MEMORANDUM ORDER</u>

Although the familiar warning against undue optimism is the old saying that "All good things must come to an end," the same might well be said of all bad things. Despite this Court's issuance of several opinions that sought to assist pro se plaintiff Shawnetta Graham ("Graham") in her effort to shape what might be a colorably viable 42 U.S.C. §1983 ("Section 1983") lawsuit, her attempted Third Amended Complaint ("TAC") elicited this Court's May 26, 2011 memorandum order that directed the Illinois Department of Juvenile Justice ("Department," the sole target of that revised pleading) to file a responsive pleading.

That response took the form of a motion to dismiss accompanied by a supporting memorandum of law. But because Department's mailed notice to Graham had not provided her with enough lead time under this District Court's LRs, this Court continued the motion to August 8, 2011 (which provided Graham with another three weeks to fashion some response).

When that new presentment date arrived, Graham offered

nothing that would controvert Department's position, and this Court found the latter's contentions sound and dismissed both the TAC and this action. Now Graham has tendered instead a notice of motion, setting a proposed September 1 presentment date for her "to request additional time to file and served [sic] amended complaint."

That effort to resuscitate Graham's asserted constitutional claims in TAC Counts II and III misses entirely the points, made at pages 9 and 10 of Department's memorandum in support of its earlier motion to dismiss, that (1) it is not a "person" suable under Section 1983 because it is an arm of the State of Illinois and (2) it enjoys sovereign immunity for the same reason. In short, Graham's current motion is denied in advance of the proposed presentment date, and this action remains dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 22, 2011